JAMES I. MOORE V. THOMAS S. CROSS.

No. 239.

**1. Motion in Arrest of Judgment—Practice.**

A motion in arrest of judgment presenting the sufficiency of the petition will be determined by the sufficiency of the allegations made in it, and evidence avoiding such allegations can not be considered. See allegation as to an incumbrance upon property conveyed to plaintiff, and evidence of release of such lien after suit was filed.................................... 560

**2. Equitable Relief—Cancellation of Deed—Fraud.**

Complainant sought the cancellation of a deed made to him by defendant for a certain city lot, on ground of fraud. It did not appear that the plaintiff had suffered any pecuniary loss in the transaction. It appeared that defendant had promised that complainant, in event of purchase, should receive remunerative employment by means of which he expected to make the deferred payments upon the lots. It also appeared that defendant had represented that a railroad depot would soon be established near the lot, and that a round house and machine shops would be erected, from which the value of the lot would be increased. *Held*, the allegations gave no ground for rescission. The remedy would be for failure to comply with the promise of employment. It did not appear that the lot was of less value from the failure of the railroad company to erect machine shops, etc........... ... 561

**3. Mental Capacity of Parties to a Contract.**

In absence of fraud, the mental capacity, the relative intelligence or business capacity of parties to a contract. will not be measured by courts ......... 562

ERROR to Court of Civil Appeals for Third District, in an appeal from McLennan County.

The opinion gives a full statement.

*J. H. Banton* and *John L. Dyer*, for plaintiff in error.—Under the facts as alleged and proven a cancellation and rescission was not warranted. Plaintiff's right of action, if any he had, was to affirm what was done in the existing trade, and to recover damages for any wrong suffered by fraudulent representations, if any were shown to have been committed by defendant; and as there were no specific damages shown, the judgment of the trial court should have been reversed.

*John G. Winter*, for defendant in error.

BROWN, Associate Justice.—Cross sued Moore to cancel a deed made by the latter to him, Cross, for a block of land in an addition to Waco, and at the same time sued out an injunction to prevent the sale by Grady, trustee, of the said block of land, under a deed of trust given to said Grady by Cross to secure the payment of five notes, amounting to about $4200, given by Cross to Moore for a part of the purchase money of the block. The petition alleged, in substance, that plaintiff was a laboring man, dependent upon his labor, and that he was not skilled in the business of exchanging property. That defendant Moore was a man of large business and financial experience, engaged in large business enterprises and speculations in the city of Waco. That plaintiff had full faith and confidence in the statements and representations of the defendant, and acted upon them in making the exchange of property. That defendant purposely misled plaintiff in the matter, and after repeated conversations with defendant on the subject, plaintiff was induced to make the alleged exchange of property. That defendant knew that plaintiff had no other means of paying the difference between the value of the exchanged property except the wages of his daily labor, and to induce the trade, defendant represented to plaintiff that he had the management and control of a creamery then in apparent successful operation in Waco, and that if plaintiff would make the proposed trade, that he (Moore) would see that plaintiff had the care of the cattle appertaining to the creamery, and thereby earn at least $50 per month as an aid in paying the notes to be given for the difference in the value of the property exchanged, which representations were material and essential elements of the trade, and were never complied with. That the representations were sufficient to induce him to make the trade, but were not sufficiently definite to give a right of action for damages for the failure to comply therewith. That at the time of the exchange of the property, defendant represented to him that he (Moore) was the unincumbered owner of the block conveyed to plaintiff, while in fact there was upon said block a vendor's lien for $17,500, in connection with other adjacent property, of which fact plaintiff was ignorant, and if he had known the fact he would not have made the exchange. Defendant also rep-

resented and guaranteed to plaintiff, that certain railway depot, yards, and shops would be built contiguous to the block conveyed to plaintiff in a short time thereafter, and that thereby the value of the block conveyed would be greatly enhanced. That said assurances were made as upon defendant's own knowledge and for the purpose of deceiving plaintiff, and did in fact so deceive him, which assurances defendant knew at the time to be false; that the improvements were never made.

This statement is taken from the opinion of the Court of Civil Appeals, as showing the fraud alleged as a ground for setting aside the deed, the terms of the sale being also set out in full.

Defendant filed a general demurrer and general denial, as well as a special plea setting up the payment by him of the lien of $1700 assumed as part of the purchase money of the land which plaintiff conveyed to him, and that the remainder of the price, $2300, was credited by agreement on the purchase price which he, defendant, conveyed to plaintiff. The court overruled the general demurrer, and upon a trial judgment was entered against defendant Moore, cancelling the deed made by him to Cross, and giving a judgment against Moore, in favor of plaintiff, for $2300, foreclosing the lien on the block in question. This judgment was affirmed by the Court of Civil Appeals.

The facts found by the Court of Civil Appeals are in substance as follows: At and before the time of the trade the plaintiff was the owner of a certain lot or lots in the city of Waco, which he occupied as his homestead, and upon which was an incumbrance for $1700, due to the Waco Building Association, of which defendant was secretary and manager, and the debt being due, Moore was as such officer pressing for its payment.

Moore owned block 6 in Edgefield addition to Waco, and proposed to exchange it to plaintiff for his homestead, he (Moore) assuming the debt to the building association. The parties agreed upon the exchange, the plaintiff's home being valued at $4000, and Moore's block at $6500. Defendant assumed to pay and did pay the $1700, and credited the remainder of the estimated value of plaintiff's property, $2300, on the agreed value of block 6, leaving a balance to be paid of $4200, for which Cross gave his five notes, due at different times, with interest, and also made a deed of trust to secure the five notes, to one Grady, empowering him to sell the land if the notes, or any of them, were unpaid after maturity. The transaction occurred in 1889, and this suit was brought in 1891. The plaintiff having failed to pay any of the notes, Grady advertised the land for sale under the deed of trust, in 1891, when the injunction was sued out.

At the time the trade was made there was a vendor's lien upon block 6 and other property for $17,500, which plaintiff knew nothing of, and Moore procured a release of the lien upon that block after this suit was filed.

That plaintiff and his wife were laboring people, ignorant of business affairs, and trusted and relied upon the superior knowledge of Moore, believing and relying upon representations and promises made to them by him; that before and at the time of the trade, Moore, for the purpose of inducing plaintiff and his wife to make the exchange, represented to and promised them as follows: That if Cross and his wife would make the exchange, he (Moore) would see that Cross got the stabling and feeding of cattle to be used by a creamery that had been lately started near block 6, and that he (Moore) owned stock in the company, was manager of, and controlled it. Also represented and guaranteed that a railway, machine shops, and roundhouse would soon be built near block 6.

A railway was built near the block; but no machine shops or roundhouse were established there or near there. That the representations made by Moore induced the plaintiff and his wife to make the trade, and plaintiff expected, out of the stabling and feeding of the cattle, to make money out of which in part to pay the notes executed by him to Moore. The creamery was then about to be closed, but plaintiff did not know that fact. The cattle were not furnished to Cross to stable and feed.

The motion in arrest of judgment was properly overruled. It presented a question as to the sufficiency of the petition, and was to be decided by the record of that pleading, and not by the evidence introduced. The fact that the lien had been released before trial could not be considered upon this motion. Denison v. League, 16 Texas, 405. The petition alleged, that at the time of the trade there was upon the block conveyed to plaintiff a lien for $17,500, which was unknown to the plaintiff at the time, and while in ordinary cases Cross might have paid off the lien and had the amount set off against his notes, in the case before the court, under the allegations, the lien was more than four times the amount of the notes, and nearly three times the estimated value of the block, and he could not be expected to pay in discharge of the lien so great a sum, or take the risk of having the land sold under the deed of trust. He could not have discharged the lien upon the block without paying the whole amount.

Plaintiff in error presents a number of objections to the judgment, all of which, so far as necessary to be considered, may be stated in the following propositions:

1. That the facts do not show that Cross suffered any pecuniary loss in the transaction.

2. If the failure of Moore to perform the promises made concerning the railroad, shops, and round house, and the stabling and feeding of the cattle of the creamery, be granted, plaintiff had a right of action for damages for their breach, but it furnished no ground for cancelling the deed.

The evidence shows, that the plaintiff priced his homestead at the sum of $4000. He does not claim that this was less than its true value. This amount he received at the time in the payment of a lien upon it to the amount of $1700, and a credit on his purchase for the remainder, $2300. There is no ground for complaint in that particular. The lot for which he exchanged his home was estimated to be worth $6500, which the facts show that it was then worth, and at the trial worth $10,000. He did not agree to pay more than the property was worth, and there is no pecuniary injury in that part of the transaction.

Moore agreed to see that he got the stabling and feeding of the cattle of the creamery, but the proof does not show how many cattle the creamery had, the price he was to receive, nor the length of time he was to have the employment. It is not shown that plaintiff could have made profit out of the business, even if that would be considered in this connection. Moore guaranteed that a railway, round house, and machine shops would be built near the block, which has not been done, except that a railroad has been built near there. The proof does not show that the property was worth less without these improvements than it would have been with them, nor that plaintiff would have derived any pecuniary benefit from their construction.

If the promises of Moore be considered as representations fraudulently made, they belong to that class of frauds for which there is no redress in courts, because there was no pecuniary injury resulting from them, and courts do not undertake to deal with the breach of moral obligations. Big. on Fraud, p. 540; Lemon v. Hanley, 28 Texas, 226; Bremond v. McLean, 45 Texas, 17.

It does not appear from the evidence that the alleged promises constituted any part of the consideration for the exchange of the property. If, however, they were the consideration, and had been inserted in the deed in the terms stated in the conclusions of fact, their breach would not afford ground for cancelling the deed, but the party must resort to his action for damages, if any. Mayer v. Swift, 73 Texas, 369; Railway v. Titterington, 84 Texas, 223.

If as contemporaneous parol agreements they can be proved under the circumstances of this case, which question is not before us, then assuredly they could have no greater force than would be given to them if embodied in the deed in the form of covenants.

In the case of Mayer v. Swift the deed recited, that it was made upon consideration that the grantee would furnish support to the grantor for the remainder of her life. Suit was instituted, charging that Mayer refused to perform the promise, and praying that the deed be cancelled. The court held, that a failure to perform the promise did not authorize the cancelling of the deed; that the remedy was an action for damages.

In the case of Railway v. Titterington, it was recited in the deed, that for the consideration of the construction of the railroad and the maintenance of a station on the land, the conveyance was made; upon a failure to perform this covenant action was brought to cancel the deed, but this court held, that the failure did not constitute ground to cancel the deed, the remedy being an action for damages for the breach.

The most that can be claimed for the evidence in this case is, that it shows that Moore failed to keep promises made at the time of the transaction, from the performance of which plaintiff supposed he might derive benefit. The evidence, however, does not disclose any ground for a man of ordinary intelligence to suppose that the performance would have resulted to his advantage, nor does it show that the non-performance has caused him damage.

Courts can not measure the relative intelligence and business qualifications of parties to a transaction, unless it reaches the point where it appears that one has overreached the other by reason of his incapacity. Neither is the fact that plaintiff was a laboring man and defendant a trader and speculator of any importance, nor that defendant knew that plaintiff had no means except his labor out of which to pay the debt he was about to contract. It was the business of plaintiff to determine for himself whether or not he could pay the debt before he contracted it. No one was better qualified to judge of that matter than plaintiff, and it did not devolve upon Moore to guard him against his own misjudgment on that point.

For the errors indicated, the judgments of the District Court and of the Court of Civil Appeals are reversed, and this cause is remanded for further proceedings in accordance with this opinion.

*Reversed and remanded.*

Delivered February 25, 1895.