HARRIS v. RATHER.†

(Court of Civil Appeals of Texas. Jan. 25, 1911. Rehearing Denied Feb. 22, 1911.)

1. DEEDS (§ 145*)—COVENANT OR CONDITION—AFFECTING REMEDY.

Where plaintiff contracted to sell land to defendant, defendant agreeing to erect a building to cost a specified amount within a certain time, but the deed made in pursuance of the contract was silent as to the building but retained a vendor's lien for the price, the agreement to build was a covenant, and not a condition subsequent, and hence plaintiff's remedy for a breach was an action for damages, and not for cancellation.

[Ed. Note.—For other cases, see Deeds, Cent. Dig. § 471; Dec. Dig. § 145.*]

2. DEEDS (§ 144*) — CONDITIONS—FORFEITURE —RIGHT OF RE-ENTRY.

Apt and appropriate words must be used or a right of re-entry reserved, to create a condition in a deed, breach of which will work a forfeiture.

[Ed. Note.—For other cases, see Deeds, Cent. Dig. §§ 469, 470, 472; Dec. Dig. § 144.*]

Appeal from District Court, Travis County; George Calhoun, Judge.

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes
† Writ of error denied by Supreme Court.

Action by Sidon Harris against C. T. Rather. From a judgment for defendant, plaintiff appeals. Affirmed.

Sidon Harris, for appellant. C. T. Rather, for appellee.

RICE, J. On the 21st day of May, 1908, the parties hereto entered into a written contract, whereby the appellant, in consideration of the sum of $5,000 to be thereafter paid by appellee, bound himself to convey to appellee five acres of land in the city of Austin, upon which the latter agreed to erect a residence to cost not less than $10,000, work to commence within 12 months. On the 25th of June thereafter appellant and wife, by warranty deed, conveyed to appellee said tract of land in consideration of $5,000, $2,000 of which was paid by appellee at the time, and the assumption by him of the payment of $3,000 owing by appellant to his vendor, said deed retaining a vendor's lien to secure the payment thereof. There is no mention in said deed of the agreement on the part of appellee to erect a $10,000 residence on said property. Appellee having failed to commence the erection of said building within the period named, this suit was brought on the 9th of June, 1909, by appellant to cancel said deed and to remove cloud from title to said property cast thereon by same. There was a jury trial, in which the court instructed a verdict for appellee, and judgment was entered in accordance therewith, from which this appeal is taken.

The material question for our consideration is whether or not the provision relative to the erection of a $10,000 residence upon the property in question should be regarded as a covenant or a condition subsequent. If the former, then upon the breach thereof appellant would have his action for damages, and, if the latter, then the right to rescission and cancellation of the deed would exist upon failure to comply therewith. The evidence showed that appellant owned 100 acres of land adjoining the tract in controversy upon which there were no houses or improvements, and that he would not have sold this tract to appellee but for the fact that appellee agreed, in addition to the payment of the $5,000, to begin the erection within 12 months thereafter of a $10,000 residence, and appellant testified that this was the principal inducement for the sale thereof to him.

Appellant contends by his assignments that the evidence did not conclusively establish that the provision with reference to the erection of the residence was a mere personal covenant, and that, therefore, the court erred in instructing a verdict in behalf of appellee. It is insisted, however, on the part of appellee by his counter proposition, that, notwithstanding the fact that he contracted to begin building a house upon the five acres of land described in the petition within 12 months from May 21, 1908, and notwithstanding the fact that he breached said contract by failing to begin the erection of said house within said period, said breach did not forfeit the grant or vest in appellant any legal right to recover the five acres of land, because the stipulation to build said house was a covenant, the breach of which gave rise to an action for damages, or for specific performance, and not a condition subsequent, the breach of which was legal grounds for rescinding or forfeiting the grant. We believe that the record sustains the contention of appellee. If, as insisted by appellant, the agreement on the part of appellee to begin the erection upon the land conveyed within 12 months of a $10,000 residence was a part of the consideration for the conveyance, and if this consideration had been recited in the deed, still we do not think that this would have given appellant a right to rescind. The grantor did not make or attempt to make the failure on the part of his grantee to erect said building a cause for forfeiture or rescission of the contract. It is true that the deed reserved a lien to secure the payment of the purchase money, but it will be observed no lien whatever was retained in the deed to enforce the obligation with reference to the erection of said residence. The appellant had the right to have inserted such a clause, but, having failed to do so, it seems to us the presumption would obtain that he intended to rely upon his contract, a breach of which would merely authorize a suit for damages.

In the case of Ry. Co. v. Titterington, 84 Tex. 218, 19 S. W. 472, 31 Am. St. Rep. 39, a similar question to the one here presented was considered. Titterington and wife conveyed certain land to the company. The consideration, as expressed, was that the company, among other things, would construct a railway upon the tract of land and establish and maintain thereon a station, the latter of which was not done. The suit was brought by him to cancel and annul the deed because of the failure on the part of the company to locate or maintain a railway station on the land conveyed. In passing upon the question thus presented, the court said: "It is very evident that the deed contains no conditions precedent, nor do we think that the language used would indicate even a condition subsequent. * * * Conditions of this character are not favored by the courts, and, in case of doubtful language or intention, the promise or obligation of the grantee will be construed to be a covenant limiting the grantor to an action thereon, and not a condition subsequent with the right to defeat the conveyance. Under the authorities, we think it must be held, and we do hold, that the promises or obligations of the railway company referred to in the deed are in the nature of covenants, not conditions, and therefore the plaintiffs, aside from other questions in the case, could not reclaim the land itself on account of nonperformance of the covenants or promises by the grantee,

but would be required to sue for the damages arising from the breach of the contract."

In the case of Moore v. Cross, 87 Tex. 557, 29 S. W. 1051, suit was brought by Cross to cancel a deed which he had made to Moore. It was alleged, among other things by the plaintiff, that he had been induced to execute the deed by certain representations and guaranties of Moore, to the effect that, if he did so, Moore would give him remunerative employment as specified therein, and that a railway roundhouse and machine shops would be established contiguous to property which was conveyed to him by Moore in exchange, and thereby greatly enhance the value of that property. There was a verdict and judgment for the plaintiff, and upon appeal, the Supreme Court in passing upon the question presented said: "It does not appear from the evidence that the alleged promises constituted any part of the consideration for the exchange of the property. If, however, they were the consideration, and had been inserted in the deed in the terms stated in the conclusions of fact, their breach would not afford ground for canceling the deed, but the party must resort to his action for damages, if any. If as contemporaneous parol agreements they can be proved under the circumstances of this case, which question is not before us, then assuredly they could have no greater force than would be given to them if embodied in the deed in the form of covenants."

In the case of Mayer v. Swift, 73 Tex. 369, 11 S. W. 378, Lavinia Swift, a very old woman, conveyed to Mayer a house and lot upon consideration that he would support and maintain her during the remainder of her life, which it was claimed he failed to do, whereupon she brought suit for cancellation of the deed, and recovered. The case was reversed, chiefly upon the charge of the court, which instructed the jury that if Mayer did not reasonably and in good faith carry out his undertaking to support her, and it was manifest by his conduct that he did not in good faith intend to comply with his undertaking, that the consideration of such contract had failed, and they would find for the plaintiff. This charge was held error, the court saying that: "The suit was not to charge the land with a trust, but was for the cancellation of a deed, and the judgment of the court annulled and set aside the deed and restored the possession of the land to the plaintiff. The deed, as we have said, is an absolute and unqualified conveyance of the land upon a valuable consideration, shown upon the face of the deed to be unpaid, but no lien is reserved or condition expressed upon the face of the deed. If the only issue presented by the pleadings and submitted to the jury had been whether the deed was fraudulently obtained, and the verdict had been in favor of the plaintiff and the judgment had been for its rescission and the res-

toration of the land to the plaintiff, we would find no ground in the record for setting it aside. If, on the other hand, there was no fraud in obtaining the deed sufficient to justify it being set aside, then we do not think the failure to pay the consideration or comply with its terms subsequently furnished any grounds for rescinding it."

In Byars v. Byars, 11 Tex. Civ. App. 565, 32 S. W. 925, which was a suit brought for the recovery of a tract of land and the cancellation of a deed made by the parents to the son against his widow, made upon the express consideration of $1,250, which it is alleged was untrue, but that the real consideration was that he would support and maintain them in their old age, and that by reason of his death it became impossible for him to comply therewith, it was held that the parents could not maintain the action for cancellation of the deed, but that their remedy would be for damages for breach of the covenant and not to recover the estate, citing Thornton v. Trammell, 39 Ga. 202, which was an action brought by the heirs of Thornton to recover a certain tract of land which had been conveyed in fee simple by their ancestor to the company, the conveyance reciting that it was expressly understood by the parties "that said tract or parcel of land is not to be put to any other use than that of a depot. square, and that no business or improvements are to be put on said tract but that which is immediately connected with the Western & Atlantic railroad." There was a breach of said provision, and it was held, as shown by the syllabus, "that these words in the deed were words of covenant and not words of condition, and that the plaintiff's remedy for a breach thereof was an action for damages, and not a forfeiture of the estate for condition broken. See, also, Beaumont Pasture Co. v. S. & E. T. Ry. Co., 41 S. W. 543; G., C. & S. F. Ry. Co. v. Dunman, 74 Tex. 265, 11 S. W. 1094; Elliott v. Elliott, 109 S. W. 217; Cox v. Combs, 111 S. W. 1070; Johnson v. Gurley, 52 Tex. 227; G., H. & S. A. Ry. Co. v. Pfeuffer, 56 Tex. 73; Ryan v. Porter, 61 Tex. 106; H. & T. C. R. R. Co. v. McKinney, 55 Tex. 176. In 13 Cyc. pp. 683, 684, it is said: "Apt and appropriate words must be used or a right of re-entry be reserved to create a condition in a grant. * * * If land is deeded for a specific use or purpose, or it is deeded in consideration of its use for a certain purpose, or in consideration of the doing of a certain act, and there is nothing to show that a condition was intended, none will be created, either precedent or subsequent. * * * Covenants and conditions may be created by the same words, but forfeitures are not favored. Courts are therefore more favorably inclined to holding that the language used constitutes a covenant rather than a condition which will forfeit the grant. This rule is especially applicable when the words used

are in the form of a covenant pure and simple, and there are no words of proviso or condition, or provision for re-entry in the deed."

It will be remembered that there are no provisions or conditions inserted in the deed before us, nor in the preliminary agreement or contract. So that in this case, in the absence of any such provision or condition for re-entry, we hold that the court correctly instructed a verdict in behalf of defendant.

Finding no error in the judgment, the same is affirmed.

Affirmed.