ALAMO AUTO SALES CO. v. HERMS.
(No. 5627.)

(Court of Civil Appeals of Texas. San Antonio. March 15, 1916. On Motion for Rehearing, April 12, 1916.)

1. SALES �köö38(1) — BUYER'S RIGHT TO RESCIND—INJURY.
Where the purchaser of a motor truck failed to show injury by fraud, if any, in the seller's representations as to the capacity of the truck, he was not entitled to rescind.
[Ed. Note.—For other cases, see Sales, Cent. Dig. § 65; Dec. Dig. �köö38(1).]

2. SALES �köö126(1)—BUYER'S ACTION TO RESCIND—TIME.
The buyer of an auto truck, even if the seller fraudulently represented its capacity, after using it for six or seven months and negligently and recklessly injuring it, had no right to rescind the contract of purchase.
[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 313, 315; Dec. Dig. �köö126(1).]

3. SALES �köö52(7)—BUYER'S ACTION TO RESCIND—VERDICT.
In a suit to rescind an executed contract for the purchase of a motor truck on the ground of the seller's misrepresentations as to its capacity, verdict for plaintiff *held* without support in the evidence.
[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 140–144; Dec. Dig. �köö52(7).]

Appeal from District Court, Bexar County; W. F. Ezell, Judge.

Suit by Chris Herms against the Alamo Auto Sales Company. Judgment for plaintiff, and defendant appeals. Reversed, and judgment rendered for defendant.

Terrell, Walthall & Terrell, of San Antonio, for appellant.

FLY, C. J. This is a suit to rescind a contract of purchase of a motor truck brought by appellee against appellant, and for the cancellation of six notes aggregating $650, and to recover $900 already paid on the purchase price of the truck. The ground of rescission was that the truck was represented to be a one-ton truck, and would with safety and ease carry 3,000 pounds, and that the representation was false. The cause was submitted on special issues to a jury, and on the answers thereto judgment was rendered that appellee recover of appellant $900, less the sum of $111.90, with 6 per cent. interest for the cancellation of the notes and a chattel mortgage on the truck. The truck was adjudged to appellant. The effect of the judgment was a rescission of the entire contract.

The evidence shows that appellee bought a motor truck from appellant, under representation that it was a one-ton truck. A number of the notes given for the purchase money were paid, and, after using the truck for seven months or more, it was then concluded by the appellee that he would rescind the sale. The truck was bought on February 4, 1916, and he used it until August, when he broke a spindle and carried it to the shop of

appellant. Appellee never contemplated a rescission of the contract until appellant refused to allow him to take the truck from the shop until he paid a certain account. He stated:

"If I could have agreed with them on the open account, I would have taken the car out. I would know exactly then what I could haul on it, 2,000 pounds."

The evidence showed beyond controversy that the rescission was sought because appellee did not want to pay his account to appellant. This he stated time and again in his testimony. He stated:

"I was told that I would get a ton truck, and it did have that. The truck pulled 2,500 pounds all right."

There was no evidence tending to show that the truck would not transport all that appellant represented that it would. Appellee testified that it would haul as much as 3,000 pounds.

It was alleged in the petition:

"That prior to and at the time of the sale to, and purchase by, this plaintiff of said truck, the defendant, acting through its duly authorized agents and representatives, represented to this plaintiff that the said truck was a one-ton truck. That this plaintiff explained to the agents of said defendant the purposes and uses which his business required and demanded the truck should serve, and as an inducement to this plaintiff to purchase and take the truck, which he did purchase and take, the said defendant, through its said representatives, and who were by it fully authorized, and who were acting in the apparent scope of their authority, represented to this plaintiff that the truck was rated as a one-ton truck, but that it would, with safety and ease, carry 3,000 pounds."

The testimony of appellee showed that the truck was rated as a one-ton truck, and that it would carry 3,000 pounds. While he stated that the catalogue showed that the maximum capacity of the truck was 2,000 pounds, he never objected to it on account of its lack of power, but because he did not want to pay the account. To escape payment of the account he sought a rescission of his contract. He wanted a truck that would haul 20 cans of milk, and he did not testify that the truck failed to haul that number of cans. He obtained exactly what he contracted for.

[1] If there had been any fraud in the representation as to the capacity of the truck, the evidence failed to show that appellee was injured thereby, and he would not on a misrepresentation which did not damage him be entitled to rescind the contract. Lemmon v. Hanley, 28 Tex. 226; Bremond v. McLean, 45 Tex. 17; Moore v. Cross, 87 Tex. 557, 29 S. W. 1051.

[2] If the testimony had shown that there was fraud in the representations as to the truck, it cannot be said that appellee, after using the truck for six or seven months, and had injured the vehicle very much, would have the right to go into a court of equity and demand a rescission. He made no offer to reimburse appellant for the use of the machine and for the injuries recklessly and negligently inflicted on it.

[3] The time that appellee used the truck before offering to return it was utterly unreasonable if he had discovered any fraud at or near the time when he purchased it. He found nothing, however, at fault with the power of the truck, which hauled any and all things he desired to transport, and there is not one word of testimony that tends to show that the truck would not do everything that appellant said it would. It was only after the amount of the account was demanded of him that he obtained a catalogue and ascertained that it stated that the truck's moving capacity was from 1,500 to 2,000 pounds. It in no way contradicted the representation that the car was a one-ton truck. Appellee testifies that it would transport more than a ton. He obtained all he contracted for, and his contract will not be rescinded. There was an utter absence of testimony to sustain the answers of the jury, and a verdict should have been instructed for appellant.

The judgment is reversed, and judgment here rendered that appellee take nothing by his suit, and that appellant recover of appellee the sum of $844.08, with interest at 8 per cent. per annum on $770 of that amount from January 17, 1915, and at 6 per cent. per annum on the sum of $74.08, being the amount of the open account, from the same date, and all costs in this behalf expended.

On Motion for Rehearing.

The judgment on the open account will be corrected so as to be for $111.90, instead of $74.08, and a chattel mortgage lien will be foreclosed on the truck in favor of appellant. Except as herein mentioned, the judgment will remain as originally rendered by this court.