## HOCH HARDWARE CO. v. TROPICAL OIL CO. (No. 5656.)

(Court of Civil Appeals of Texas. Austin. Oct. 25, 1916.)

FRAUD ☞12 — MISREPRESENTATIONS — GOOD FAITH.

Where representation of an oil company that it had obtained orders for the oil which it sold to a hardware company was true, and its promise to send such orders to the hardware company to aid it in selling the oil was made in good faith, its subsequent failure to send such orders did not amount to legal fraud, and furnished no basis for rescission of the contract.

[Ed. Note.—For other cases, see Fraud, Cent. Dig. § 14; Dec. Dig. ☞12.]

Appeal from Williamson County Court; Richard Critz, Judge.

Suit by the Tropical Oil Company against the Hoch Hardware Company. From a judgment for plaintiff, defendant appeals. Judgment affirmed.

H. Zdaril, of Taylor, and Nunn & Love, of Georgetown, for appellant. Melasky & Moody, of Taylor, for appellee.

### Findings of Fact.

JENKINS, J. The appellant is, and at the time of the transactions herein referred to was, a corporation doing a retail hardware business at Taylor, Williamson county, Tex. The appellee was a corporation doing a wholesale business. In April, 1914, the duly authorized agent of appellee was engaged in taking orders for goods from persons in the vicinity of Taylor. It was agreed between said agent of appellee and the appellant, acting through its general manager, that appellant would assist appellee's agent in procuring such orders, and that instead of the appellee's filling the same, it was to bill goods to appellant at wholesale prices, and appellant would fill said orders at retail prices. Shortly thereafter the agent of appellee represented to the appellant that, together with some orders taken by appellant, he had procured enough orders from solvent purchasers in the vicinity of Taylor to make a carload, and that he would ship the goods covered by such orders to appellant, who was to receive and pay for same at wholesale prices, and promised appellant to send it said orders. The goods were shipped and received by appellant, of the value of $520.66 at wholesale, but none of said original orders were sent to appellant. Copies of some of said orders were sent, and appellant filled the same and remitted to appellee the wholesale prices thereof, amounting to $120.66. Appellant demanded of appellee that it send all of said orders, and upon its failure to do so notified appellee that it held the unsold goods subject to its order. The case was submitted to a jury on special issues. The appellant contends that by reason of the form of the questions, the answers of the jury are not sufficiently intelligible to form the basis of the judgment herein, which was for appellee for the sum of $400. With this we do not agree. The jury found substantially that the appellee represented to the appellant that it had secured orders from solvent parties in the vicinity of Taylor for all of the goods shipped to appellant; that appellant agreed to purchase said goods at the price alleged by appellee; that it relied upon said representation, and but for said representation and the promise to send said orders, it would not have purchased said goods; that said representations were true, and that the promise to send said orders was made in good faith; that said promise was not complied with. The evidence is sufficient to support the findings of the jury. Appellant resisted appellee's suit for the remainder of the purchase price of said goods ($400) on the ground that the contract was obtained by fraud, and offered to return the portion of the goods unsold of the value of $303.22.

Opinion.

The evidence showing that the representation of appellee, viz., that it had obtained orders for the goods which were sold to appellant was true, and that the promise to send such orders to appellant to aid it in selling the goods was made in good faith, the subsequent failure to send such orders does not amount to legal fraud, and furnishes no basis for rescission of the contract. Bigham v. Bigham, 57 Tex. 238; Railway Co. v. Titterington, 84 Tex. 218, 19 S. W. 472, 31 Am. St. Rep. 39; Mayer v. Swift, 73 Tex. 367, 11 S. W. 378; Moore v. Cross, 87 Tex. 557, 29 S. W. 1051, 12 R. C. L. p. 254.

Finding no error of record, the judgment of the trial court is affirmed.

Affirmed.