### JACOB MAYER V. LAVINIA SWIFT.

#### No. 2702.

1. **Charge—Weight of Evidence.**—The court below charged: "If plaintiff was ignorant, and unable to read or write, and if she was old and infirm, and if she reasonably believed that the paper presented her was a will and was made in accordance with her agreement with said Mayer, * * * and if afterwards Mayer by his course of conduct failed to furnish reasonably such board and lodging as the contract contemplated, as you gather from the evidence, then your verdict should be for the plaintiff." *Held:*

1. The charge was not upon the weight of the evidence.

2. The latter clause of the charge should not have been given, but it was onerous upon the plaintiff, who recovered, and the defendant can not complain.

3. Plaintiff would be entitled to a verdict upon proof of fraud by defendant in procuring the signing of the instrument.

2. **Charge—Avoiding a Contract.**—The charge given to the jury, to find for the plaintiff suing for land, if the testimony showed that plaintiff had intended signing the instrument as a deed, or if the grantee had failed to furnish the agreed "board and lodging," was error, in that while plaintiff might be entitled to aid from the court to enforce the agreement, if violated, yet it would not be rescinded for breach of it on part of defendant after its due execution.

APPEAL from Harris. Tried below before Hon. James Masterson. The opinion states the case.

*Henry F. Fisher* and *E. P. Turner*, for appellant.— 1. The court charged upon the weight of evidence. Rev. Stats., art. 1317; T. & P. R. R. Co. v. Murphy, 46 Texas, 367.

2. The court erred in instructing upon an issue not made in the pleadings nor evidence. Loring v. Dixon, 56 Texas, 75; Cannon v. Cannon, 66 Texas, 682.

3. For the material error in the charge the judgment should be reversed. Hough v. Hill, 47 Texas, 153; Bailey v. Mills, 27 Texas, 434; Chandler v. Fulton, 10 Texas, 22.

*Henry Cline*, for appellee.

HENRY, ASSOCIATE JUSTICE.—Lavinia Swift was a very old woman who had by investing her small earnings acquired title to a house and lot in the city of Houston.

She had no other property, had no relatives, and had become helplessly infirm.

She lived in the house with an old and infirm man named Minnick, who cultivated the garden and aided her in other respects.

Minnick was talking about going away, and Jacob Mayer opened negotiations about undertaking her support in consideration of a conveyance of the house and lot to him.

Appellee testified that her proposition was that she should devise the property by will, and that when she signed and acknowledged a conveyance of it to him she believed it was a will.

Appellant introduced evidence that appellee agreed to convey by deed, and that she was fully advised when she executed it that the paper was a deed.

Appellee executed an absolute and unconditional deed, with full covenants of warranty, and acknowledged it with the formalities prescribed for married women.

The consideration expressed in the deed is: "That Jacob Mayer shall furnish and provide for said Lavinia during her natural life, and up to and until her death, a support; that is to say, board and lodging room."

Immediately after the execution of the deed appellant was taken to the home of appellee and provided with shelter and food.

Mayer took possession of the house, leased it to a tenant, and mortgaged it to a creditor.

At the end of a few months Lavinia was dissatisfied. She complained about her food and want of necessary clothing and assistance.

Mayer proposed to send her to a hospital, but she refused to go, declaring she would die in the woods rather than be taken to one.

Without the knowledge of Mayer, Minnick carried her back to her old home and put her in the house with appellee's tenant.

Mayer as soon as informed of this movement endeavored to induce Lavinia to return to his protection, which having been refused he made an effort to have her provided with food where she was, but under the influence of Minnick that offer was refused.

Minnick died, having first conferred with an attorney about instituting this suit for the recovery of the property.

Lavinia lived long enough to testify at the trial of this cause and until after an appeal was perfected from the judgment in her favor, when she too died.

The court charged the jury that "If plaintiff was ignorant and unable to read or write, and if she was old and infirm, and if she reasonably believed that the paper presented her was a will and was made in accordance

with her agreement made with said Mayer as above explained, and if afterwards Mayer by his course of conduct failed to furnish reasonably such board and lodging as the contract contemplated, as you gather from the evidence, then your verdict should be for plaintiff."

Appellant complains that this charge is upon the weight of evidence, and insists that it was equivalent to charging that it was to be gathered from the evidence that appellant had failed to comply with his contract. We do not think the charge was so intended or understood, but that it was intended and taken in connection with the whole charge understood to be a direction that if the jury gathered said facts from the evidence they should find for plaintiff.

We think the charge was more favorable to appellant than the issues justified. If under the circumstances of this case appellee executed a deed believing she was executing a will, that by itself was sufficient to authorize a verdict for her without regard to defendant's failing to comply with the provisions of his contract.

The charge might well on this branch of the case have omitted all question about appellant's conduct afterwards.

The court further charged the jury that "On the other hand if you find from the evidence that Mayer agreed with plaintiff for a deed and not for a will, and if he in good faith carried out the provisions of his contract and furnished her with reasonable board and lodging appropriate to her age and condition, to find for defendant; but if he did not reasonably and in good faith carry out his undertaking about the support or board and lodging, or by his conduct made it manifest that he did not intend in good faith to comply with his undertaking, then the consideration of such contract has failed and you will find for plaintiff."

We think there was error in this charge for which the case must be reversed.

This suit was not to charge the land with a trust, but it was for a cancellation of the deed, and the judgment of the court annulled and set aside the deed and restored the possession of the land to plaintiff.

The deed, as we have said, is an absolute and unqualified conveyance of the land upon a valuable consideration shown upon the face of the deed to be unpaid, but no lien is reserved or condition expressed upon the face of the deed. If the only issue presented by the pleadings and submitted to the jury had been whether the deed was fraudulently obtained, and the verdict had been in favor of the plaintiff and the judgment had been for its rescission and the restoration of the land to the plaintiff, we would find no ground in this record for setting it aside.

If on the other hand there was no fraud in obtaining the deed sufficient to justify it being set aside, then we do not think the failure to pay the consideration or comply with its terms subsequently furnish any grounds for rescinding it.

The character of the consideration mentioned in the deed makes the remedy by suit to enforce vendor's lien inapplicable, but by no means enables appellant to hold the land without discharging the consideration. The consideration stated in the deed is a charge upon the land which courts of equity may enforce without rescinding the deed. The death of appellee makes this phase of the case probably of but little importance.

The question as to the deed having been obtained by fraud remains, involving the question whether the grantor when she executed it believed it was a will, which if so is by itself sufficient cause for rescinding it, or if she knew it was a deed, if an undue advantage of her was taken in procuring it, it may still be avoided. In determining the last issue her age, want of education, destitute and helpless situation may be taken into consideration in connection with the terms of the instrument itself, and the facts may be looked to that all its terms in favor of the purchaser are carefully guarded while it contains no condition or security in behalf of appellee to insure the performance of what is promised her. The record as the case is now presented shows that furnishing to her in her helpless and friendless situation nothing but food and lodging while taking from her all of her property, fell very much short of providing for her comfort or even the means of prolonging her life.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Delivered March 22, 1889.