JOHN DURST ET AL. v. J. S. DAUGHERTY.

No. 6887.

1.   **Mistake in Certificate of Acknowledgment to Deed.** — Where it is apparent from the certificate as a whole that the officer intended to write the proper word and that its omission or the failure to so use it was a clerical error, the certificate is not vitiated by such error.   See example.

2.   **Same — Privy Acknowledgment.** — So where it is evident that the statute prescribing the privy examination, etc., in the acknowledgment of a deed by a married woman had been complied with, the erroneous using the word *with* instead of *without* in such certificate is immaterial.

3.   **Cases Adhered to.** — Belcher v. Weaver, 46 Texas, 294; Talbert v. Dull, 70 Texas, 676; and Butler v. Brown, 77 Texas, 343, adhered to.

4.   **Innocent Purchaser—Notice.**—A bona fide purchaser from a grantee in the patent for land is not affected by matters anterior to the issuance of the patent, although the certificate supporting the patent should develop other equities.

5.   **Innocent Purchaser Paying only Part of Purchase Money.** — The pro tanto protection of an innocent purchaser who had paid part only of the purchase money is a well recognized principle.

6.   **Same—Mode of Such Protection.**—The equitable relief should be determined by the entire facts.   A given rule can not be applied to all cases.   See discussion and illustrations.

APPEAL from Haskell.   Tried below before Hon. J. V. Cockrell.
The opinion states the case.

*A. C. Foster, F. P. Morgan,* and *Cockrell & Cockrell,* for appellants.—1. The court erred in admitting in evidence the deed from Lee to Rich with only the certificate of acknowledgment to prove its execution (no other proof being offered), because said certificate nowhere states that Lee, the grantor in said deed, acknowledged that he executed the same, nor is there any equivalent statement. Rev. Stats., arts. 4308, 4312; Huff v. Webb, 64 Texas, 285; Sowers v. Peterson, 59 Texas, 220; McDaniel v. Needham, 61 Texas, 269.

2. A conveyance by a married woman of her separate estate is a nullity unless executed in strict compliance with the statute. Berry v. Donley, 26 Texas, 737; Fitzgerald v. Turner, 43 Texas, 79; Looney v. Adamson, 48 Texas, 619; Pasch. Dig., art. 1003; Rev. Stats., art. 4313; Davis v. Agnew, 67 Texas, 210; Ruleman v. Pritchett, 56 Texas, 482; Langton v. Marshall, 59 Texas, 298; Huff v. Webb, 64 Texas, 284; Blair v. Sayre (W. Va.), 2 S. E. Rep., 97.

3. The court erred in rendering judgment for plaintiff for any part of the land, because the recitals of the patent referring to the certificate by virtue of which the land was located, and the certificate itself on file in the land office were constructive notice to the world of the contents of the certificate, and that said certificate was the property of said Monroe Edwards; and plaintiff claiming under said patent was charged with notice of every fact he could discover by following up the information given by the recital of said patent. Wheat v. Owens, 15 Texas, 241; McPhail v. Burris, 42 Texas, 142; Merriweather v. Kennard, 41 Texas, 275; Caruth v. Grigsby, 57 Texas, 259; Bryan v. Crump, 55 Texas, 1; Wilson v. Williams, 25 Texas, 54.

4. The patentee of land the certificate for which had been previously sold takes same in trust for the owner of the certificate, who in fact is the owner of the land; and a purchaser from such patentee is an innocent purchaser only to the extent of the purchase money paid before notice of the true state of the title. Huyler v. Dahoney, 48 Texas, 234; Hamman v. Keigwin, 39 Texas, 34; 1 Story Eq. Jur., sec. 64c; Watkins v. Edwards, 23 Texas, 447; Evans v. Templeton, 69 Texas, 375; Fletcher v. Ellison, 1 Posey's U. C., 671.

*Robertson & Coke,* for appellee.—1. The deed from Lee to Rich was properly admitted in evidence. Talbert v. Dull, 70 Texas, 675.

2. The deed from Driskell and wife to Carr was properly admitted in evidence. Belcher v. Weaver, 46 Texas, 294; Solyer v. Romanet, 52 Texas, 567.

3. In answer to the third assignment of error it need only be stated that the patent issued to Woodlief, and Daugherty had no notice of anything back of the patent. Sickles v. White, 66 Texas, 178; Love v. Berry, 22 Texas, 376; Wethered v. Boon, 17 Texas, 146.

4. (1) It is not shown in the agreed case that appellee had not made negotiable notes for the balance of unpaid purchase money.   2 Pome. Eq., sec. 751.

(2) The appellants could only be entitled to the balance of unpaid purchase money, and not to any part of the land.   2 Pome. Eq., sec. 750, and notes; 2 W. and T. L. C. in Eq., part 1, pp. 79–85; Youet v. Martin, 3 S. & R., 423; Haughtwout v. Murphy, 21 N. J. Eq. (6 C. E. Green), 118; Baldwin v. Sager, 78 Ill., 503.

FISHER, JUDGE, *Section B.*—This is an agreed case under article 1414 of the Revised Statutes.   Appellee here, plaintiff below, brought this suit in the ordinary form of trespass to try title against the defendants for the recovery of a tract of land patented to Devereux J. Woodlief, January 27, 1857.   The defendants answered by plea of not guilty, except defendant Lerche, who disclaimed, and W. T. King, who was not served.   At the September term, 1888, of the District Court of Haskell County judgment was rendered in favor of plaintiff for the entire tract of land.   In the agreed case it is admitted that Woodlief, the patentee, died before 1865, leaving as his only heirs two children, T J. Woodlief and Mrs. H. M. Driskell, and that appellee Daugherty holds the land under these heirs by chain of title down to himself, except as may be defeated by objections raised by appellant to his deeds in the line of appellee's title, which will be hereafter noticed.   It is agreed that the defendants are the heirs and vendees of heirs of Monroe Edwards; that the certificate by virtue of which the land was located was issued to Monroe Edwards direct as assignee of Devereux J. Woodlief.   It is also agreed that plaintiff purchased from those who held the title of the heirs of Devereux J. Woodlief without notice of the claim of Monroe Edwards or defendants, and that he paid one-half of the purchase money for said land before knowledge of any adverse claim, and that he has not paid the other half of such purchase money.

Plaintiff in the trial below offered in evidence in support of his title deeds executed by W. M. Lee to A. M. Rich, and by W. A. and H. M. Driskell to D. C. Carr.   Appellants objected to the admission in evidence of the first of these deeds, because it does not appear by the certificate of acknowledgment that Lee acknowledged the execution of the deed.   The contention of appellant is that in that part of the certificate of acknowledgment where it should appear that "he" (the maker) executed and signed the instrument, it appears that "the" instead of "he" signed the same for the purposes and consideration therein expressed, etc.   The original deed is sent up in the record for our inspection.   It is uncertain whether the word as written is "he" or "the." But admitting it is "the," we do not think the certificate of acknowledgment for this reason is defective.   It is apparent from the certificate

as a whole that the officer intended to write the proper word, and that his omission or failure to so use it was a clerical error and mistake.

There are several objections urged to the admission in evidence of the second deed. One is that the clerk of the District Court had no legal authority to take the acknowledgment of the grantors in the deed. This acknowledgment bears date 1872. The law as it then existed authorized the clerks of the District Courts to take the proof and acknowledgment of instruments. The only other objection that we deem important to notice is that wherein the certificate of acknowledgment states that "she had freely and voluntarily with fear or compulsion on the part of her said husband signed same, and that she wished not to retract it." The contention is that she (Mrs. H. M. Driskell) did not freely and voluntarily acknowledge the deed, but that she did so *with* fear. It is apparent from the general sense and meaning of the certificate that the word "without" instead of "with" fear was the word intended to be written. Although a certificate of acknowledgment may contain words that are not proper or may omit words that should be used, still if enough is written to gather the meaning and intention of the officer in taking the acknowledgment and that meaning and intention is in accord with the statute upon the subject, the certificate will be sufficient. Tested by this rule, we think the certificates of acknowledgment of both deeds sufficient. Belcher v. Weaver, 46 Texas, 294; Talbert v. Dull, 70 Texas, 676; Butler v. Brown, 77 Texas, 343.

Appellants contend that appellee should not be accorded the protection extended to an innocent purchaser, because the certificate by virtue of which the land was located was issued to Monroe Edwards as assignee of Devereux J. Woodlief, and that the recitals in the patent to Woodlief put him upon notice of this fact. The recital in the patent is that the land is granted by virtue of augmentation certificate issued by the board of land commissioners of Washington County on the 3d day of May, 1836. This is the only reference in the patent to the certificate or its ownership. We do not think the recital can have the effect contended for by appellants. It simply informs a purchaser that the land is located by virtue of a certain certificate. There appears nothing in this recital that is inconsistent with the title of Woodlief, nor is there any information given that would suggest any right or title of the certificate in another. A purchaser from Woodlief in the absence of notice to the contrary need not extend his examination or inquiry of Woodlief's right to the land beyond the patent. He can safely consider that the real title is in whom it is apparently vested. Wimberly v. Pabst, 55 Texas, 589; Sickles v. White, 66 Texas, 179; Browning v. Pumphrey, ante, 163.

Appellants insist that the court erred in rendering judgment in favor of appellee for the entire tract of land, because it appears by the agree-

ment that appellee purchased the land without notice of appellants' title, and only paid one-half of the purchase money before he obtained knowledge of the claim of Monroe Edwards and of defendants, and that the other half of the purchase money has not been paid.   We believe in this respect the judgment is erroneous, and for this reason solely we reverse it.   The pro tanto protection accorded an innocent purchaser is so well recognized by American courts that we deem it unnecessary to cite authority in support of the right.   The difficulty lies in the application of the rule, and how the relief should be administered.   Some of the courts adopt that rule that allows the innocent purchaser to retain of the land purchased the proportion paid for.   Some admit a lien in favor of the innocent purchaser upon the land for the amount of the purchase money paid.   Other courts give to the innocent purchaser all the land, with a right in the real owner to recover from him the purchase money unpaid at the time of notice.   2 Pome. Eq., sec. 750; 16 Am. and Eng. Encyc. of Law, p. 835.

In determining which of these rules should be applied in any case it is necessary to ascertain the equities, if any, of the respective parties. For in the application of these rules the adjustment of the equities of each given case is the primary object to be accomplished.   The rule that should be applied in one case may be inequitable if applied to another.   Consequently it is not proper that a court select one rule to the exclusion of the others as a rule that should govern alike in all cases. In ascertaining what the equities of the parties are it is permissible to inquire into the price paid for the land by the innocent purchaser, and if or not he has placed upon the land permanent and valuable improvements, and if or not the land, situated as it is at the time, is in a condition to be partitioned or divided so that it would not effect or destroy its usefulness and render it of little or no value to either party, or if a partition could be had without injury to the innocent purchaser.   And it is further proper to show the conduct of the parties with reference to their acts of diligence, laches, or negligence, if any, in order to ascertain what party, if any, is in fault, so that the court can determine who is the more entitled to its equitable relief, and if the land by reason of the improvements, if any, placed thereon by the innocent purchaser has increased in value since its purchase.

An investigation of the case may develop other facts that it may be important to consider, but those mentioned suggest the importance of the inquiry and why the application of either of the rules should depend upon the facts of each case.   A few illustrations are not improper to show the importance of an inquiry into the equities of the respective parties.   Take the case of an innocent purchaser buying the land for much less than its true value.   In such a case it may be inequitable to compel the true owner to accept the amount of the purchase money unpaid in satisfaction of his demand, and the proper remedy may be

the application of the rule that permits the true owner to recover the proportion of the land unpaid for; or the proper remedy may be the rule that permits the owner to recover the entire tract upon reimbursing the innocent purchaser the amount by him paid, with the value of the improvements, if any, erected prior to the time he obtained notice of the true title.  On the other hand, if the innocent purchaser has paid full value for the land and has erected improvements on it, and the land is so situated that it could not without injury to the rights of the innocent purchaser be divided, the proper rule to be applied in such case may be that which awards to the innocent purchaser the entire tract charged in favor of the true owner with the purchase money unpaid before notice.  The record before us is silent as to the status of the land, and does not inform us of the equities of the parties.  Therefore this court can not with propriety say what rule should govern in this case.  This can be ascertained by a trial in the court below upon a full hearing of the facts.

We report the case for reversal.

*Reversed and remanded.*

Adopted October 20, 1891.

Judge TARLTON, being disqualified, did not sit in this case.