## Henry Freeman et al. v. Sarah B. Jones et al.

### Decided June 1, 1906.

**1.—Deed, not Testamentary.**

An instrument containing the usual formal parts of a deed, and containing also a stipulation that the conveyance is in trust for a third party, naming her, and giving the grantee or trustee power to sell, dispose of or convey the premises if in his judgment it was for the interest of the beneficiary so to do, but stipulating also that the premises conveyed should not be sold during the lifetime of the grantor except at her request or with her consent, is essentially a deed and took effect upon delivery.

**2.—Same—Consideration.**

An undertaking on the part of a grantee of real estate to keep the taxes paid, the premises in repair and to supply the needs of the grantor, shown to be between 55 and 80 years of age, during her life, is a sufficient consideration to support a deed for property of the value of $2,000.

Appeal from the District Court of Harris County. Tried below before Hon. W. P. Hamblen.

*Stanley Thompson,* for appellants.—The instrument signed and executed by Martha Ann Milby to J. W. Jones, trustee, did not absolutely convey the property, but especially provided that the same should not be sold during her lifetime without her consent, thereby giving her the control of the title until her death. Carlton v. Cameron, 54 Texas, 74; Rogers v. Kennard, 54 Texas, 35; Ellison v. Keese, 25 Texas Sup., 84; Millican v. Millican, 24 Texas, 426; Veal v. Fortson, 57 Texas, 488; Hazelton v. Reed, 26 Am. St. Rep., 86; 1 Dev. on Deeds, sec. 309; 1 Redf. on Wills, 4th ed., 170-172; McKinnon v. McKinnon, 46 Fed. Rep., 722.

The deed from Martha Ann Milby to J. W. Jones, trustee, was void for the reason that at the time the same was made J. W. Jones was the

attorney and legal adviser and confidential friend of the said Martha Ann Milby, and he paid no adequate consideration for the property. Cooper, Administrator, v. Lee, 75 Texas, 114; Waterbury v. Laredo, 68 Texas, 577; Allore v. Jewell (U. S.), 4 Otto, 511.

*Brashear & Dannenbaum,* for appellees.—The deed from Martha Ann Milby to J. W. Jones, trustee, absolutely conveyed the title to the property, and was not testamentary in its nature. Revised Statutes, 1895, art. 632; Jenkins v. Adcock, 5 Texas Civ. App., 466; Martin v. Faries, 55 S. W. Rep., 601; Carpenter v. Hannig, 34 S. W. Rep., 774; Matthews v. Moses, 52 S. W. Rep., 113; Leslie v. McKinney, 38 S. W. Rep., 378; Lockridge v. McCommon, 90 Texas, 236; Bombarger v. Morrow, 61 Texas, 418; Chrisman v. Wyatt, 7 Texas Civ. App., 40; 9 Am. & Eng. Ency. of Law (2d ed.), p. 92.

A deed executed in consideration that the grantee shall pay all taxes on the place and maintain the same, and allow the grantor to live on the place during her life, is based on a good and valuable consideration. Mayer v. Swift, 73 Texas, 368, 369; Moore v. Cross, 87 Texas, 561.

GILL, CHIEF JUSTICE.—Henry Freeman and his coplaintiffs as the heirs of Martha Ann Milby, deceased, brought this suit against Sarah B. Jones, trustee, Irma Jones, George Anderson and T. F. Loftus, to recover the title and possession of parts of lots 6 and 7 in block 337, of the city of Houston. The form of the action was trespass to try title.

The defendants Loftus and Anderson disclaimed. Sarah B. and Irma Jones answered by general denial and plea of not guilty, pleaded valuable improvements in good faith and asked for affirmative relief.

There was a trial by jury which resulted in a general verdict for defendants, followed by an appropriate judgment, from which the plaintiffs have appealed.

The plaintiffs are the heirs at law of Martha Ann Milby, deceased, and claim the land in controversy under the laws of descent and distribution.

Sarah B. Jones holds the land as substitute trustee under a deed from Martha Ann Milby, Irma Jones being the *cestui que trust.*

The deed is assailed by plaintiffs upon two grounds: First, because the maker was *non compos mentis* at the time of its execution; and second, because it was obtained by undue influence, and for an inadequate consideration. Upon the establishment of one or the other of these two contentions depends the plaintiffs' case.

The facts bearing upon the execution of this deed are as follows:

Martha Ann Milby was a negro woman advanced in years at the date of the execution of the deed. The witnesses estimate her age at that time at from 55 to 80 years. The evidence is ample to support the conclusion that she was of sound mind, and the assignments addressed to that issue are overruled.

J. W. Jones was a member of the Houston bar and was the attorney, friend and adviser of deceased, who owned the property in question and occupied a small house thereon as her home. She was earning a livelihood by washing and cooking. She had been sued for taxes and did not have the money wherewith to discharge them and as the property was

under threat of sale therefor she was fearful of losing her home. She finally decided to deed the property to some responsible person in consideration that it should be kept in repair and her wants supplied. She made this proposition to two or three people who declined to accept it. Finally she went to J. W. Jones and made the proposition that he should accept a deed conveying the land to him for the benefit of his daughter, Irma, in consideration that she, the vendor, should occupy the place for the remainder of her life, he to supply her needs and keep the place in repair and pay the taxes while she lived. After much insistence on her part Jones accepted the proposition and the deed was executed and delivered. Jones thereupon paid the taxes on the property, kept it in repair, put in sewerage and water works for her, and he, during his lifetime, and his wife after him, supplied Martha Ann Milby with what she needed, paid her doctor's and medical bills, furnished a nurse for her for three months before she died, and when she died she was buried at Mrs. Jones' expense. One of the considerations which appeared to move Martha Ann Milby to the execution of the deed was her love and affection for Irma Jones, whom she had nursed when a child, but the court did not permit the jury to consider this as a part of the consideration upon which the deed rested. The instrument was dated August, 1898, and Martha Ann Milby died in the spring of 1903. At the date of the deed she had no immediate family and was on unfriendly terms with her relatives. The property at that time was worth about $2,000.

Appellants contend that the instrument under which appellees claim the land is testamentary in its character and because not executed as required by law for the execution of wills can form the basis of no right.

The material parts of the instrument are as follows:

"Know all men by these presents, that I, Martha Ann Milby, a *feme sole,* of the county and State aforesaid, for and in consideration of one ($1.00) dollar, to me in hand paid by J. W. Jones, the receipt of which is hereby acknowledged, and for other good and sufficient considerations me thereunto moving, have granted, sold and conveyed, and by these presents do grant, sell and convey, unto the said J. W. Jones . . . (here follows description).

"To have and to hold the above described premises, together with all and singular the rights and appurtenances thereunto in any wise belonging unto the said J. W. Jones, his heirs and assigns forever. And I do hereby bind myself, my heirs, executors and administrators, to warrant and forever defend all and singular the said premises unto the said J. W. Jones, his heirs and assigns, against every person whomsoever lawfully claiming or to claim, the same, or any part thereof.

"This conveyance is made by me to said J. W. Jones as trustee, in trust for the sole and exclusive use, benefit and advantage of his daughter, Irma Jones, and her heirs and assigns forever, and I hereby authorize and empower the said J. W. Jones, trustee, to manage and control the premises herein conveyed, and to do any and everything in and about and with said premises, as in his judgment he may deem best and proper for the said Irma Jones, and rent, sell, dispose of and convey the same, as in his judgment may be for the best interest of the said Irma Jones, provided said premises shall not be sold during my lifetime by the said J. W. Jones, trustee, unless at my request, or with my con-

sent. In the event of the death of said J. W. Jones before the arrival at 21 years of age of the said Irma Jones, or before she marries, then and in that event, Sarah B. Jones, the wife of said J. W. Jones, and mother of said Irma Jones, is hereby appointed and constituted as the trustee of said property for said Irma Jones under this deed, and the said Sarah B. Jones shall, in that event, have, possess and be entitled to, and is hereby invested with all the trusts, rights, powers and duties hereby vested in and conveyed on the said J. W. Jones. When said Irma arrives at the age of 21 years, or marries, if said property has not before that time been sold by said J. W. Jones or Sarah B. Jones, then and in that event the sole and exclusive control, management, ownership and disposition of said property shall vest absolutely in the said Irma Jones, her heirs and assigns."

We think it clear that the instrument was essentially a deed reserving certain rights to the grantor during her life and took effect upon delivery. In support of this holding we cite without further discussion the following authorities: Revised Statutes, art. 632; Jenkins v. Adcock, 5 Texas Civ. App., 466; Martin v. Faries, 55 S. W. Rep., 601; Chrisman v. Wyatt, 7 Texas Civ. App., 40; Lockridge v. McCommon, 90 Texas, 236; Bombarger v. Morrow, 61 Texas, 418.

The next objection to the judgment is that J. W. Jones was the confidential friend and legal adviser of deceased and that therefore undue influence would be presumed. The complete answer to this is that undue influence is negatived by the record. The evidence supports the conclusion that Jones accepted the deed unwillingly and after insistence on the part of deceased. It is also true that a fair consideration was shown. Resolving the issue of the age of deceased in favor of the verdict, the undertaking of Jones to keep the taxes paid, the premises in repair, and to supply the needs of deceased during her life was one which might have become very onerous had she lived to a great age and one which might have easily equaled the value of the property had she lived out her reasonable expectancy. That such an undertaking is sufficient consideration for such a deed is a proposition well sustained by authority. (Mayer v. Swift, 73 Texas, 368; cited with approval in Moore v. Cross, 87 Texas, 561.) The transaction being affirmatively shown to be fair and free from improper influence should be upheld.

The several objections to the charge of the court are without merit. They need not be disposed of in detail. Nor is it necessary in view of the disposition of this appeal to notice the cross-assignments of error.

The judgment is affirmed.

*Affirmed.*