I therefore dissent from the opinion of DAVIDSON, P. J., herein reversing and dismissing this cause.

---

## SMITH v. STATE.

(Court of Criminal Appeals of Texas. Dec. 18, 1912.)

CRIMINAL LAW (§ 1129*)—APPEAL—ASSIGNMENTS OF ERROR—TIME FOR FILING.

Assignments of error filed after the adjournment of the term of court at which accused was convicted cannot be considered on appeal.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2954–2964; Dec. Dig. § 1129.*]

Appeal from District Court, McLennan County; Richard I. Munroe, Judge.

E. L. Smith was convicted of swindling, and he appeals. Affirmed.

C. E. Lane, Asst. Atty. Gen., for the State.

HARPER, J. Appellant was indicted, charged with swindling. When the case was called for trial, he entered a plea of guilty, and his punishment was assessed by the jury at two years' confinement in the penitentiary. After the verdict, a motion for new trial was filed in his behalf, reading as follows: "And now comes the defendant, E. L. Smith, in the above-entitled and numbered cause and moves the court to grant him a new trial and set aside the verdict and judgment rendered herein against him on the 25th day of March, A. D. 1912, for the following reasons, to wit: The verdict of the jury in said cause was contrary to the law and the evidence." It is thus seen the only ground in the motion is the verdict was contrary to the law and the evidence. Taking into consideration the testimony of Mr. J. M. Nash, together with defendant's plea of guilty, the evidence is ample to support the verdict. The term of court at which appellant was tried adjourned May 15, 1912. Three months thereafter appellant seeks to assign other grounds by filing assignments of error on August 15, 1912. Being filed after adjournment of court, these grounds cannot be considered by this court on appeal. Sue v. State, 52 Tex. Cr. R. 130, 105 S. W. 804. The reason for this rule has been so frequently discussed we deem it unnecessary to do so again.

The judgment is affirmed.

MASTERSON et al. v. CROSBY et al.

(Court of Civil Appeals of Texas. El Paso. Dec. 12, 1912.)

1. VENDOR AND PURCHASER (§ 237*) — BONA FIDE PURCHASER—CONSIDERATION.

Past services as an attorney for the grantor by one taking a conveyance without knowledge or notice of the grantor's previous unrecorded deed of trust are such a valuable consideration in law as to enable the grantee to hold as a bona fide purchaser for value, as against parties thereafter purchasing under the unrecorded deed of trust.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 577–579; Dec. Dig. § 237.*]

2. VENDOR AND PURCHASER (§ 238*) — BONA FIDE PURCHASER—PURCHASER FROM BONA FIDE PURCHASER.

A purchaser from a bona fide purchaser having good title takes an equally good title, notwithstanding the fact that he might at the time of his purchase be charged with notice of a claim under the first vendor's deed of trust.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 580–582; Dec. Dig. § 238.*]

3. JUDGMENT (§ 255*)—TRIAL OF ISSUES—CONFORMITY TO EVIDENCE.

In trespass to try title, where defendant by cross-action brought in its warrantor, and where there was no finding of fact by the court below, and no evidence in the statement of facts to support the finding of a money judgment on the cross-bill against the warrantor, a judgment to that extent was erroneous as not conforming to the evidence.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 445; Dec. Dig. § 255.*]

Appeal from District Court, Brazoria County; Wells Thompson, Judge.

Trespass to try title by George E. Crosby and others against the South Texas Development Company, with cross-action by defendant against H. Masterson. Judgment for plaintiff against all defendants, and for the South Texas Development Company against Masterson, and Masterson appeals. Judgment in favor of plaintiff affirmed, and judgment in cross-action reversed and remanded for new trial.

Masterson & Masterson and Elliott Cage, all of Houston, for appellants. Masterson & Rucks and R. C. Gaines, all of Angleton, and Ed. H. Bailey, of Houston, for appellees.

HARPER, C. J. This is a suit in trespass to try title and to remove cloud, filed by George E. Crosby on the 24th day of January, 1910, against the South Texas Development Company, a corporation under the laws of Texas, and R. C. Gaines, Selim Rinker, and the unknown heirs of Selim Rinker, and their legal representatives, whose residence is unknown. Amended petition filed December 8, 1910, described the land sued for as follows: One hundred and fifty acres of land out of the S. F. Austin 7⅓ league grant, on the west side of the Brazos river, it being out of the lower one-half of 1,000-acre tract sold by estate of John Haw-

---

kins to Thos. P. Crosby, being all of the lower one-half of the said 1,000-acre tract after deducting therefrom a tract of 150 acres sold by George E. Crosby, administrator of the estate of Thomas M. Crosby, and after deducting from said 500 acres a tract of 200 acres designated by A. R. Crosby, C. V. Crosby, Thomas W. Crosby, and George E. Crosby as the homestead of the said Thomas M. Crosby. The tract herein sued for being all of the land lying between said homestead and the 150-acre tract sold by George E. Crosby to Thomas W. Crosby. Also, 50 acres known as lot No. 2 in the partition between G. E. Crosby, C. V. Crosby, A. R. Crosby, and T. W. Crosby of the Thomas W. Crosby homestead. The petition sets forth chain of title to said land, in which chain appears a deed from Peter MacGreal to Eugene J. Wilson dated June 10, 1869. Also, deed from Eugene J. Wilson to C. W. MacGreal dated January 4, 1870. Also, a deed and a judgment in case of J. H. Shapard, administrator of estate of C. Terry and Clarence W. MacGreal v. Thomas M. Crosby and W. A. Buckner, No. 2,949, dated January 16, 1872. Also, deed of trust by C. W. MacGreal to S. T. Sydnor for J. W. Jockusch dated June 27, 1872. Also, deed from C. W. MacGreal to Eugene J. Wilson dated February 21, 1873. Also, trustee deed from Sydnor, trustee, to J. W. Jockusch and Selim Rinker dated May 6, 1873. Also, deed from Eugene J. Wilson to George E. Crosby and Z. E. A. Buckner. Petition also claims title by limitation.

The South Texas Development Company answered by general demurrer, general denial, and plea of not guilty, and plea by way of cross-action against H. Masterson, setting forth that H. Masterson on the 15th day of June, 1906, executed to the said development company a general warranty deed to certain land, describing it; and further alleging that said development company paid H. Masterson $4 an acre therefor; and further disclaimed any interest or title to the land sued for, excepting the undivided interest, 118¾ acres, in said 950-acre tract purchased of H. Masterson, and vouched said Masterson on his warranty. H. Masterson pleaded general denial, and pleaded further to the cross-bill of the South Texas Development Company and alleged that the tract of 50 acres sued for was a part of the original homestead of Thomas M. Crosby and afterwards of Thomas M. Crosby, his son, and was never a part of the 960 acres described in the deeds referred in the cross-bill of the South Texas Development Company, under which said company claims title to the undivided interest aforesaid, and was not included in the deed from him to said company; that the 150 acres sued for by plaintiff was never conveyed by this defendant to said company, because not embraced in the deed to said company, and

therefore no breach of warranty has occurred or will occur should plaintiff recover all the land sued for.

It is agreed by the respective parties to this suit that all parties claim title to the land involved in this suit under Clarence W. MacGreal; that on June 27, 1872, Clarence W. MacGreal executed to Seabrook W. Sydnor, trustee, for the use of J. W. Jockusch, a deed of trust upon the land involved in this suit, to secure $500; that said deed of trust was filed for record in Brazoria county, Tex., on March 7, 1874; that on February 21, 1873, Clarence W. MacGreal executed a deed to Eugene J. Wilson, conveying said land, which was filed for record in Brazoria county, Tex., February 22, 1873, reciting a consideration of $1,800 cash paid; that the only issue involved in this suit is whether Eugene J. Wilson was an innocent purchaser for value, without notice of the unrecorded deed of trust to said Sydnor, trustee, the plaintiff claiming title under said Wilson after the record of said deed of trust, and the defendant claiming under a foreclosure sale under said deed of trust, and the further question, whether George E. Crosby had acquired title by limitation. The court below rendered judgment for plaintiff George E. Crosby for the land sued for against all the defendants, and judgment for the South Texas Development Company for $475, with 6 per cent. interest from June 15, 1906; against H. Masterson upon his warranty of title of the 118¾ acres at $4 per acre. Defendant H. Masterson appeals.

The court below filed the following findings of fact and conclusions of law:

"Findings of fact: It was agreed that all parties claimed title to the land involved in this suit under Clarence W. MacGreal; that on June 27, 1872, Clarence W. MacGreal executed to Seabrook Sydnor, trustee, for the use of J. W. Jockusch, a deed of trust upon the land involved in this suit, to secure $500; that said deed of trust was filed for record in Brazoria county, Tex., on March 7, 1874; that on February 21, 1873, Clarence W. MacGreal executed a deed to Eugene J. Wilson, conveying said land, which was filed for record in Brazoria county, Tex., on February 22, 1873, reciting a consideration of $1,800 cash paid; and that the only issue involved in this suit was whether Eugene J. Wilson was an innocent purchaser for value, without notice of the unrecorded deed of trust to said Sydnor, trustee, the plaintiff claiming under said Wilson after the record of said deed of trust, and the defendants claiming under a foreclosure sale under said deed of trust, and the further question whether George E. Crosby had acquired title by limitation. I find as a fact that said Eugene J. Wilson was an innocent purchaser in good faith for a valuable consideration, without notice of

the unrecorded deed of trust from Clarence W. MacGreal to said Seabrook Sydnor, trustee.

"Conclusions of law: Eugene J. Wilson having purchased the land in good faith for a valuable consideration and without notice of the unrecorded deed of trust, he acquired the title to the land involved in this suit, and this is the title acquired by the plaintiff. He is therefore entitled as a matter of law to be quieted in his title and possession of the land."

[1] First assignment of error by appellants is that the court erred in the finding of fact that Eugene J. Wilson was an innocent purchaser in good faith for a valuable consideration, without notice of the unrecorded deed of trust from Clarence W. MacGreal to Seabrook Sydnor, trustee, because the evidence shows that said E. J. Wilson parted with nothing at the date of the deed from said MacGreal to him, but that said deed was made to him as a compensation for past services rendered by him to said MacGreal.

The testimony of witness Wilson is as follows: "The matter has just been called to my attention by Mr. A. E. Masterson, and he showed me memo of the abstract of title. Of course, it has been a great many years ago, and I have had no opportunity to refresh my memory. Mr. Crosby has just showed me a deed reciting $150. I recognize the deed in my handwriting. I remember the transaction. I recognize that the $150 was paid to me and the balance I got a horse from Mr. Buckner. It was a paint horse. Yes, that $150 was paid to me, and as to my acquiring an interest in the land, I am satisfied I never had any interest in the land, further than that acquired for my legal services in the case. I conducted the trial of the case in which Terry and MacGreal were awarded this land. Anyhow, I remember acting as an attorney, and whatever interest I got in this land was for my professional services. I am confident in my own mind that I did not have any knowledge of that deed of trust, referring to the deed of trust executed by Clarence W. MacGreal to Seabrook W. Sydnor, for the use of J. W. Jockusch, until my attention was called to it by Mr. A. E. Masterson. I am perfectly confident that I did not have any outside knowledge of it. This is the first time I have had it mentioned to me. This occurred in 1873. I remember the sale to Crosby and Buckner. I remember that I was engaged as attorney in some litigation, and whatever interest I got in the land was for my fees. I did not pay the money that is recited in the deed from Clarence MacGreal to me. I had no notice of the deed of trust. They owed me this much money for my services in the case. I do not remember what my contract was with them. My recollection is

that I was acting for Clarence MacGreal, and whatever I got was for my legal services. I think my recollection is that I conducted that suit of MacGreal and Terry and that this land is what I got, the land suit pending in the court between Terry and MacGreal. It was after the War. I think I took up the suit, and the result of it was, I think, that Clint Terry got one half and Clarence MacGreal the other half. I have no idea that I knew of the deed of trust, and I sold my interest in it to Crosby. I parted with no money at the time the deed was executed. I am satisfied that I did not pay anything except my legal services. I am perfectly satisfied that I did not pay any money in consideration of the land; that came for my fees; that and the paint horse, which was the same; I needed the horse. I am satisfied that I got the $150 from Crosby and Buckner and a part of it was in gold. I sold the MacGreal interest for $150, which interest I got for my services previously rendered. I had a valid indebtedness against MacGreal. I do not know whether I had anything in writing or not. I do not know that I did have any special agreement as to what fee I should get. I was acting for Clarence MacGreal, and whatever I did, I did it through him. I got this portion of the land for my professional services. Whatever it was, I rendered services for it and carried out my valid obligation. Mr. Wilson, being recalled, was asked by defendant's counsel the following question: I want to ask you if there was any agreement between you and MacGreal that this land should go to you for your services, or was that for a previous debt and for a previous consideration. To which he answered: I do not remember what the agreement was. My impression is that it was in this suit of Terry and MacGreal in which I recovered the land, and I got part of the land for my services, and as to whether I had any written agreement with him, I do not know. Upon inquiry of the court as to whether there was any pre-existing debt for which the witness took this property, he answered: I took it in consideration for my services in which I got this land. In answer to the question if there was not a previous indebtedness for which he got the land, he answered: I do not know, Mr. Masterson, it has been so long ago, whether I had contracted to get this land, I do not know. I am satisfied he (MacGreal) did not have any money, and whatever I was to get, I was to get it out of the land. I feel perfectly confident I was to get it out of this land for my services."

We do not think the assignment well taken, for an inspection of the evidence of Wilson will show that he acted as the attorney in the case in which this land was involved, and accepted the deed to the land sued for

herein in lieu of a cash fee, and placed same on record before the deed of trust from Mac-Greal to Sydnor was recorded, and without any knowledge of the outstanding deed of trust.

[2] The deed from MacGreal to Wilson conveyed the title to the land in question, and the only evidence in the record being that he had no knowledge of the deed of trust, and no notice thereof, his services as attorney was such a valuable consideration in law as to enable him to hold the land as an innocent purchaser for value against those thereafter purchasing under unrecorded deed of trust. And Wilson having obtained a good title to the land, the title of his vendee, Crosby, would be equally good, notwithstanding the fact that Crosby might, at the time of his purchase, be charged with notice of the claim under the deed of trust. Garner v. Boyle, 34 Tex. Civ. App. 42, 77 S. W. 989; Hickman v. Hoffman, 11 Tex. Civ. App. 607, 33 S. W. 257; 1 Story's Equity Jur. 409.

[3] In the second, third, fourth, fifth, sixth, and seventh assignments it is charged that the judgment of the court in favor of the South Texas Development Company against H. Masterson was unauthorized by any evidence: First, to show that Masterson conveyed said lands involved in this suit to said company; second, evidence did not show land recovered by Crosby was same land conveyed by Masterson; third, no evidence that Masterson conveyed the amount of land recovered for, or that any price was paid by said company to Masterson.

The assignments are good. There being no finding of fact by the court below, and no evidence in the statement of facts to support the finding for any money on cross-bill of Texas Development Company against H. Masterson on warranty, the judgment to that extent was erroneously entered by the court below.

Under rule 62a of courts of Texas (149 S. W. x), we affirm the judgment in favor of plaintiff George E. Crosby, and reverse and remand as to cross-bill of Texas Development Company against H. Masterson for new trial.