### CITY OF HOUSTON v. RITCHIE.
#### (No. 7269.)

(Court of Civil Appeals of Texas. Galveston. Dec. 7, 1916. On Motion for Rehearing, Jan. 18, 1917.)

1. FRAUDS, STATUTE OF ⬥139(5)—INTEREST IN REALTY—PAROL CONTRACT—DEED.

While the owner of land, making a parol contract to convey it in consideration of care, nursing, etc., could not have been compelled to carry it out, but might defend under the statute of frauds; yet, where he executed and delivered a written deed to the promisee, no one could be heard to say that, as he could not have been compelled to execute and deliver the deed, it was void.

[Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. § 340; Dec. Dig. ⬥139(5).]

2. PLEADING ⬥381(2)—ALTERNATIVE COUNT —ISSUES AND EVIDENCE.

Where the third count of the petition showed on its fact that it was an alternative plea, the plaintiff was not confined to the allegations therein, but might make out a case by the proof of the allegations of the second count.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1253–1260; Dec. Dig. ⬥381(2).]

3. DEEDS ⬥17(4)—CONSIDERATION—SUPPORT AND MAINTENANCE.

The furnishing of a home and the otherwise maintaining of the owner of land during his life is a sufficient consideration to support for a conveyance of such land.

[Ed. Note.—For other cases, see Deeds, Cent. Dig. § 33; Dec. Dig. ⬥17(4).]

4. VENDOR AND PURCHASER ⬥233—BONA FIDE PURCHASER—RECORD—NOTICE.

Where the owner of land agreed to convey it in consideration of board, nursing, etc., and did convey it shortly before his death, and where

the grantee, who had fully performed her part of the contract, recorded her deed on May 21st before she had any notice of her grantor's previously executed deed under which defendant claimed, defendant, having withheld its deed from April 15th to May 22d, by reason of its laches had no equity as against plaintiff's title.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 563–566; Dec. Dig. ☞233.]

5. VENDOR AND PURCHASER ☞235 — BONA FIDE PURCHASER—EXTENT OF RIGHT.

Where the whole consideration of a deed was paid to the vendor by an innocent purchaser before she was apprised of the defendant's claim under a previously executed, but unrecorded deed, the question of pro tanto protection was not in the case.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 567–569, 571–576; Dec. Dig. ☞235.]

Appeal from District Court, Harris County; Chas. E. Ashe, Judge.

Suit by Cora B. Ritchie against the City of Houston. Judgment for plaintiff, and defendant appeals. Affirmed.

J. C. Hutcheson, Jr., of Houston, for appellant. H. E. Kahn and Jno. C. Williams, both of Houston, and V. M. Clark, of Galveston, for appellee.

LANE, J. This suit was originally brought by Cora B. Ritchie, plaintiff, against the city of Houston, in form of trespass to try title, claiming a certain tier of lots in said city of Houston, and known as block 2 in Jackson Hill addition to said city. Thereafter plaintiff filed an amended petition in which she pleaded in three counts: First, trespass to try title; second, specially setting out that on or about the 12th day of November, 1912, plaintiff made and entered into a contract with J. B. Chew substantially as follows: Said Chew was then in feeble and delicate health, and was in need of room, board, nursing, etc., and that he then agreed, in consideration of such room, board, care, etc., to be thereafter furnished by plaintiff, to convey to her the property. That, in consideration of said contract and agreement, plaintiff furnished Chew the room, board, and nursing until the time of his death, which occurred on May 19, 1913. That he needed and required constant care and attention, which plaintiff gave him. That on the 12th day of May, 1913, pursuant to said contract and agreement, said Chew delivered to plaintiff his general warranty deed, by which he conveyed to her the lots in question. That on the 21st day of May plaintiff caused her deed to be recorded in the deed records of Harris county. That at the time of the registration of her deed, and at the time of the execution and delivery thereof, plaintiff was without any notice of any claim of, any person to the lot that the defendant claims title to by deed purporting to be executed by J. B. Chew to John Towles, of date April 15, 1913, and deed from Towles and wife to defendant, dated April 15, 1913. That said deeds were not filed for record until the 22d day of May, 1913, and plaintiff was without notice or knowledge of the existence of either of said deeds. Whereby plaintiff shows that as to the claim of defendant she became a purchaser for valuable consideration and without notice of the claims of either Towles or of defendant.

Plaintiff's third count is, in substance, as follows:

"Plaintiff shows, if it should be considered that plaintiff cannot recover on the above pleas, that on the 12th day of May, 1913, the plaintiff was a creditor of Chew, in that she had, about the 12th of November, 1912, furnished Chew board, room, etc., and that the things done and furnished by her were done upon the promise of Chew, as above pleaded, that he would pay her therefor by conveying to her the lands hereinbefore described; that on the 12th day of May, 1913, said Chew agreed with plaintiff and stated to her that the services rendered by her and the care and attention and room and board so furnished to him by her were fully worth the value of said land and much more, and thereupon, in full satisfaction and discharge of said indebtedness due by said Chew to plaintiff, said Chew delivered to plaintiff the deed as aforesaid."

The defendant filed answer pleading not guilty, and pleading specially that no present consideration was paid for the deed, but the consideration, if any there was for the deed, was a pre-existing debt. Defendant also pleaded that the agreement pleaded by plaintiff, by which it was claimed that Chew agreed to convey to her the land in consideration of the services rendered, was within the statute of frauds. Defendant also pleaded that it purchased and paid for the land, paying $1,000 therefor, without notice of any claim of any kind which plaintiff may have ever had on the property, and pleaded that it was an innocent purchaser for value.

The court, to whom the cause was submitted without a jury, having heard the evidence, entered judgment for the plaintiff, overruling all of the demurrers of the defendant and finding for the plaintiff the title and possession of the land sued for. The court thereafter filed his conclusions of law and fact, as follows:

"Findings of Fact.

"In the month of December, 1912, J. B. Chew, deceased, was in ill health, and required some person to furnish him room and board, and to care for him and nurse him in his illness.

"In that month he entered into a verbal contract with the plaintiff, Cora Ritchie, whereby Cora Ritchie agreed to take care of him, furnish him room and board, and to care for and nurse him in his sickness, in consideration of which the said J. B. Chew promised to convey by general warranty deed to plaintiff the property in controversy. In pursuance thereof, and in said month, the said Chew went to plaintiff's house to reside and to receive from her the attention, care, board, and room contracted for as above stated, and from that time until the time of his death, which occurred May 19, 1913, the said Chew remained in plaintiff's home, and the plaintiff, during all of said time, provided and

furnished to him room and board, cared for and attended him on the occasions of his illness, gave him medicine when needed, and waited on him in accordance with her agreement. Said Chew was addicted to the use of intoxicants, was an excessive drinker, and his ill health, referred to herein, was occasioned thereby.

"On the 12th day of May, 1913, said Chew, in recognition and in performance of his promise and agreement with plaintiff, made in December, 1912, as above stated, did execute and deliver to her his general warranty deed conveying the property in controversy, and on the 21st day of May, 1913, the plaintiff caused such deed to be filed for record in the deed records of Harris county, in which the property was situated.

"On April 15, 1913, for a recited consideration of $500, said J. B. Chew executed and delivered a general warranty deed to John Towles, purporting to convey to him the property in controversy, and on the same date the said John Towles conveyed by general warranty deed the property to defendant, in consideration of $1,-000, which was then paid by the defendant in cash to the said Towles.

"Neither the deed to Towles nor the city of Houston was placed of record in Harris county until the 22d day of May, 1913, when defendant caused both of said deeds to be placed of record in the Harris county record of deeds.

"At the time of the execution and delivery of the deed by the said J. B. Chew to the plaintiff, he was sober and in his normal state of mind, and in possession of his mental faculties, and knew and understood the nature of the transaction in which the conveyance was being made, and was legally capacitated to make valid conveyance of said property, and while in such state of mind and so capacitated did make, execute, and deliver to the plaintiff the deed by which said property was conveyed to her.

"The plaintiff did not know that the said Chew had made the conveyance to Towles until such conveyance was manifested by its registration on the 22d day of May, 1913, and had no notice thereof.

"I find that the defendant purchased the lot in controversy, paying a valuable consideration therefor, without knowledge or notice that J. B. Chew had made, or was claimed to have made, any agreement with the plaintiff with reference to said lots.

## "Conclusions of Law.

"The court finds that as a matter of law the plaintiff was a purchaser of said property for value, without notice of defendant's deed or of the deed to Towles, either actual or constructive, and that she is therefore entitled to recover said property against the defendant."

From this preliminary statement, and especially from the conclusions of law by the court, it is made entirely apparent that the sole ground upon which the plaintiff recovered is that stated in the conclusion of law of the court:

"The court finds that as a matter of law the plaintiff was a purchaser of said property for value, without notice of defendant's deed or of the deed to Towles, either actual or constructive, and that she is therefore entitled to recover the property against the defendant."

Defendant's main contention is that plaintiff could not be an innocent purchaser for value, because she advanced nothing at the time of taking her deed, and that said deed was delivered to her upon such consideration that would not support the plea of innocent purchaser.

[1] Appellant first insists that the trial

court erred in not sustaining its general demurrer to plaintiff's petition, and in hearing evidence in support of the alleged parol contract and agreement between J. B. Chew and plaintiff for the sale and purchase of the lots involved in this suit, because it is shown by the petition that said contract and agreement was void under, and in violation of, the statute of frauds, in that said contract rested in parol.

Had J. B. Chew refused to voluntarily carry out his part of said parol contract, he could not have been compelled to do so by the courts, as he could have pleaded the statute of frauds in defense. But we do not think that it can be seriously contended that Chew could not, if he chose so to do, execute and deliver a written deed to appellee, as he did do, conveying to her the land in question, or that the deed so executed and delivered is void by reason of the statute of frauds. Chew has acted, and by an instrument in writing has confirmed his parol agreement, and no one can now be heard to say that, as he could not have been compelled by law to execute and deliver the deed, the same is void. Appellant's first contention is overruled.

Appellant again insists that the trial court erred in not sustaining its general demurrer to plaintiff's petition, because it appears from the allegations therein that the consideration paid by plaintiff for the lots in question was wholly a past consideration, and therefore could not support her plea of bona fide innocent purchaser for value. Learned counsel for appellant, in making the above contention, must not be understood by us as contending that a consideration wholly paid for land upon a parol contract of sale and purchase, prior to the actual execution and delivery of the deed of conveyance by the vendor, would not support a plea of bona fide purchaser for value by the purchaser, as against the holder of an unrecorded deed conveying the same land to him by the common vendor, prior in date to the last deed, of which said prior unrecorded deed the last purchaser had no actual knowledge, although the language used might be so construed; but we do understand that his contention is that the consideration which passed from appellee, Mrs. Ritchie, to her vendor, J. B. Chew, wholly passed to said vendor before the execution and delivery of the deed from said Chew to Towles and before the execution and delivery of deed from Towles to appellant of date April 15, 1913, and that therefore such consideration paid by Mrs. Ritchie does not support her plea of bona fide innocent purchaser for value, as against appellant's said deed.

This contention cannot be sustained. It is clearly and unmistakably alleged in the second count of appellee's petition that both the deed from J. B. Chew to John Towles and the deed from Towles to appellant were executed and delivered on the 15th day of

April, 1913, and were not recorded until the 22d day of May, 1913, and that in consideration of the contract and agreement made between her and J. B. Chew on the 12th day of November, 1912, she furnished to said Chew a room in her house and boarded him, furnished him meals at all times desired by him, and nursed and cared for him continuously from said November 12, 1912, until the time of his death, which occurred on the 19th day of May, 1913, 34 days after the execution and delivery of the deeds of Towles and appellant, above mentioned. Wherefore it is apparent that counsel is mistaken in his statement that the petition alleges that the consideration passing from Mrs. Ritchie to J. B. Chew had wholly passed prior to the execution and delivery of the deeds from Chew to Towles and from Towles to appellant.

[2] Counsel in making such contention ignores the allegations of the second count of appellee's petition, and apparently bases his conclusions alone on the allegations of the third count, or alternative plea of appellee, wherein it is alleged in the alternative that the consideration paid by appellee to Chew was a prior indebtedness of Chew to her.

The third count of the petition shows on its face that it is an alternative plea, and therefore appellee is not confined to the allegations therein, but may make out her case by proof of the allegations of the second count of said petition.

We do not think the court erred in overruling appellant's demurrer.

[3] Appellant also contends that the trial court erred in rendering judgment for appellee, because the undisputed evidence shows that the consideration in support of the deed from J. B. Chew to her was an agreement upon the part of appellee to maintain, nurse, and care for said Chew during his life, and that such agreement, under the law, cannot furnish the basis of a claim of innocent purchaser for value.

It is not contended by appellee that such agreement alone would support a plea of innocent purchaser for value, but it is contended that the fact, which is undisputed, that appellee in compliance and fulfillment of her part of the contract or agreement did furnish J. B. Chew with board and lodging, that she nursed and cared for him from the date of such contract continuously until his death on the 19th day of May, 1913, a good portion of such services having been given after appellant had received its deed on the 15th day of April, 1913, would support her said plea.

That furnishing a home and otherwise maintaining the owner of land during his life, by another, is a sufficient consideration to support a conveyance of such land, is too well settled by the decisions of this state to be now questioned. Mayer v. Swift, 73 Tex. 367, 11 S. W. 378; Freeman v. Jones, 43 Tex. Civ. App. 332, 94 S. W. 1072; Masterson v. Crosby, 152 S. W. 173; Tobin v. Benson, 152 S. W. 642; Garner v. Boyle, 34 Tex. Civ. App. 42, 77 S. W. 987.

[4] Both the pleadings of the parties and the undisputed evidence show the contract between appellee and J. B. Chew as alleged by appellee, and the undisputed evidence further shows that appellee had fully performed her part of said contract before she had any notice or knowledge of appellant's said deed, either actual or constructive. The undertaking of appellee to support and care for Chew was one which might have become very onerous had he lived to a great age, and one which might have greatly exceeded the value of the lots conveyed to her. Appellant having withheld its title from the record from the 15th day of April until May 22d, in which time appellee, without notice, continued the performance of the consideration of her title, the appellant, by reason of its laches, would be without any equity as against the title of appellee. In the editorial note found under the case of Western Grocery Co. v. P. B. Alleman and Wife, 27 L. R. A. (N. S.) 620, this precise question is exhaustively considered. A great many authorities are collated, and the reason for said holding is as above cited.

What has already been said disposes of all of appellant's assignments adversely to appellant, and they are therefore overruled.

[5] Since the submission of this cause, counsel for appellant, by permission of this court, has filed an additional argument in which he presents for the first time the proposition that, if it be held that appellee advanced any consideration at the time of or on the faith of receiving the deed from J. B. Chew, it would make her an innocent purchaser for value, such advance was only of a portion of the full consideration agreed upon to be paid and she would only be entitled to pro tanto protection, and in support thereof he cites Durst v. Daugherty, 81 Tex. 654, 17 S. W. 388, and other cases. None of the cases cited are applicable to the present case, as they were cases in which only a part of the consideration was paid before the innocent purchaser became apprised of the prior unrecorded deeds. In the present case, the whole of the consideration was paid to the vendor by said innocent purchaser before she was apprised of the claim or unrecorded deed of appellant. While we do not think we are properly called upon to decide the question here presented, in the absence of an assignment raising such question in appellant's brief, we have considered the question and have reached the conclusion that the question of pro tanto protection is not in this case. We therefore overrule appellant's contention with reference to such question.

We find no error in the action of the trial court in rendering judgment for plaintiff, and we therefore affirm the judgment so rendered.

## On Motion for Rehearing.

In our original opinion we made the following statement:

"Learned counsel for appellant, in making the above contention, must not be understood by us as contending that a consideration wholly paid for land upon a parol contract of sale and purchase, prior to the actual execution and delivery of the deed of conveyance by the vendor, would not support a plea of bona fide purchaser for value by the purchaser, as against the holder of an unrecorded deed conveying the same land to him by the common vendor, prior in date to the last deed, of which said prior unrecorded deed the last purchaser had no actual knowledge, although the language used might be so construed; but we do understand that his contention is that the consideration which passed from appellee, Mrs. Ritchie, to her vendor, J. B. Chew, wholly passed to said vendor before the execution and delivery of the deed from said Chew to Towles and before the execution and delivery of deed from Towles to appellant of date April 15, 1913, and that therefore such consideration paid by Mrs. Ritchie does not support her plea of bona fide innocent purchaser for value, as against appellant's said deed."

We also in said opinion made the following statement:

"Wherefore it is apparent that counsel is mistaken in his statement that the petition alleges that the consideration passing from Mrs. Ritchie to J. B. Chew had wholly passed prior to the execution and delivery of the deeds from Chew to Towles and from Towles to appellant."

Appellant has filed his motion for rehearing, and therein calls our attention to the clauses above quoted, and insists that we have thereby misstated the contention made by its counsel.

After further consideration upon said motion, we conclude that the complaint made in said motion is correct, and we therefore withdraw said statements from the opinion; but, after withdrawing such statements, we think the original opinion correctly decides the issues presented, and we therefore overrule the motion.

Overruled.